IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC.  )<br>8001 Forbes Place )<br>Suite 202 )<br>Springfield, VA  22151 ) | Civil No._____ |
| ) | |
| and ) | |
| ) | |
| GUN OWNERS FOUNDATION )<br>8001 Forbes Place )<br>Suite 202 )<br>Springfield, VA  22151 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| TRANSPORTATION SECURITY )<br>ADMINISTRATION )<br>6595 Springfield Center Drive )<br>Springfield, VA 20598 - 6020 ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Come now Gun Owners of America, Inc. and Gun Owners Foundation ("Plaintiffs"), by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure and release of agency records improperly withheld from Plaintiffs by Defendant Transportation Security Administration ("TSA").

### **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

## PARTIES

4. Plaintiff Gun Owners of America, Inc. ("GOA") is a California non-stock corporation with its principal place of business in Springfield, Virginia. Gun Owners of America is organized and operated as a non-profit membership organization, exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. Gun Owners of America seeks to promote social welfare through informing and educating the public on, and conducting activities in defense of, the Second Amendment and the right to keep and bear arms.

5. Plaintiff Gun Owners Foundation ("GOF") is a Virginia nonstock corporation, organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code.

6. Defendant Transportation Security Administration ("TSA") is a law enforcement bureau within the U.S. Department of Homeland Security, a department of the United States Government, and is headquartered at 6595 Springfield Center Drive, Springfield, VA 20598 - 6020. Defendant has possession, custody, and control of records to which Plaintiffs seek access.

## STATEMENT OF FACTS

7. On August 20, 2024, Plaintiffs submitted a FOIA request to the TSA, seeking records regarding members of Congress who have been found to have a firearm on their person or in their carry-on luggage at a TSA security screening.

8. Specifically, Plaintiffs sought:

   (a) records regarding members of Congress who have been found to have a firearm on their person or in their carry-on luggage at a TSA security screening since 2010; and

   (b) records of all dispositions of such cases, including arrests, civil fines, charges, loss of TSA Precheck, and any other disposition imposed by TSA.

A true and correct copy is attached as Exhibit 1.

9. On August 21, 2024, Defendant TSA sent an acknowledgement and assigned Plaintiffs' FOIA Request No. 2024-TSFO-01915. In the acknowledgement, Defendant TSA states that "[n]o additional information is needed at this time" to process Plaintiffs' request. A true and correct copy is attached as Exhibit 2.

10. No documents for Request No. 2024-TSFO-01915 have been produced by Defendant TSA.

11. Since Defendant TSA has not alleged that "unusual circumstances" exist pursuant to 5 U.S.C. § 552(a)(4)(A)(viii)(II), and has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiffs are deemed to have fully exhausted any and all administrative remedies with respect to their FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

12. Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government. Release of the records requested is in the public interest.

13. As of the date of this Complaint, Defendant TSA has failed to: (i) to fully comply with the statutory requirements with respect to Plaintiffs' FOIA request; and (ii) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

### COUNT I
### (Violation of FOIA, 5 U.S.C. §552)

14. Plaintiffs reallege the preceding paragraphs as if fully stated herein.

15. Defendant TSA is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. §552.

16. Plaintiffs are being irreparably harmed by reason of Defendant TSA's unlawful withholding of records responsive to Plaintiffs' FOIA request, and Plaintiffs will continue to be irreparably harmed unless and until Defendant TSA is compelled to conform its conduct to the requirements of the law.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

(1) Order Defendant TSA to conduct a search for records responsive to Plaintiffs' FOIA request and demonstrate that it has employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' FOIA request;

(2) Order Defendant TSA to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant TSA from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA request;

(4) Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiffs such other relief as the Court deems just and proper.

Dated: January 28, 2025

Respectfully Submitted,

| | |
|---|---|
| */s/ Stephen D. Stamboulieh*<br>Stephen D. Stamboulieh<br>(DC District Court Bar # MS0009)<br>STAMBOULIEH LAW, PLLC<br>P.O. Box 428<br>Olive Branch, MS 38654<br>601-852-3440 (telephone)<br>Stephen@sdslaw.us | Robert J. Olson<br>(D.C. Bar No. 1029318)<br>William J. Olson, P.C.<br>370 Maple Avenue West, Suite 4<br>Vienna, VA 22180-5615<br>703-356-5070 (telephone)<br>703-356-5085 (fax)<br>rob@wjopc.com |